Tom G. PURYEAR, Appellant,

v.

The RED RIVER AUTHORITY OF TEXAS, Appellee.

No. 7405.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 19, 1964.

Rehearing Denied Nov. 16, 1964.

·Gene E. Steed, Perryton, for appellant.

Anderson & Connell, Wichita Falls, for appellee.

DENTON, Chief Justice.

Appellant, Tom G. Puryear, appealed from a summary judgment which permanently enjoined him from preventing appellee, The Red River Authority of Texas, from going onto appellant's land in Wheeler County, Texas, and conducting core drilling tests. On October 8, 1963, appellee sought and obtained a temporary restraining order to restrain appellant's interference with the core drilling operations which appellee sought to undertake in order to determine the feasibility of locating a dam on Sweet-

water Creek. By agreement, no temporary injunction was issued, and the case was heard on its merits which resulted in the trial court entering a summary judgment permanently enjoining appellant.

Although appellant brings forward twelve points of error, the controlling question to be decided is whether appellee is authorized under the law to enter upon appellant's property for the purpose of conducting core drilling tests to determine a feasible location for a dam site on Sweetwater Creek. The validity of the permanent injunction issued by the trial court depends on the determination of this controlling question.

■ The Red River Authority of Texas was created by Article 8280–228, V.A.T.S., as authorized by Article XVI, Section 59 of the Constitution of the State of Texas, Vernon's Ann.St. The creating act specifically established the Authority to be a governmental agency of the State and a body politic. The act in setting out the Authority's duties and powers provides it shall "provide through all practical and legal means for the control, conservation and orderly development of the watershed and water of the Red River and its Texas tributaries" and "[i]t shall be the duty of the Authority to prepare a master plan, for the maximum development of the soil and water resources * * *." Article XVI, Section 59 of the Texas Constitution authorizes the creation of such conservation and reclamation districts. Such districts constitute political subdivisions of the State and operate as a governmental agency performing governmental functions. Karling v. Lower Colorado River Authority, (Tex.Civ.App.), 303 S.W.2d 495 (Refused, NRE); Lewis v. San Antonio River Authority, (Tex.Civ. App.), 343 S.W.2d 475, affirmed, Tex., 363 S.W.2d 444. The appellee Authority is vested with the right of eminent domain. Article 8280–228, Section 18, V.A.T.S., and Section 31 of the same act vests appellee "with all of the rights, powers and privileges conferred by the general laws of this state now in effect or hereafter enacted, applicable to water control and improvement districts created under authority of Section 59, Article XVI of the Constitution." Article 7880–49, V.A.T.S., governing water control and improvement districts provides:

"Entry on lands

"The directors, employees and engineers of a district shall have authority to go upon any lands for the purpose of making surveys for reservoirs, canals, rights of way, dams, or other contemplated improvements and to attend to any business of the district, whether such lands are situated in the district or outside of such district."

Article 8280–11 grants this same power to appellee as follows:

"Directors, employees and engineers of districts and authorities; entry upon lands

"The directors, employees and engineers of any district or authority created by Act of the Legislature of the State of Texas, under Article XVI Section 59 of the Constitution, and having the power to provide a water supply for municipal or other uses, shall have the same authority as is conferred upon the directors, employees and engineers of water control and improvement districts by Section 49, of Chapter 25, Acts of the 39th Legislature with reference to making surveys and attending to other business of such district or authority."

■ It is thus evident appellee has the clear statutory authority to enter upon appellant's land for the purposes of making surveys relative to contemplated improvements by the Authority. The power of appellee to construct reservoirs or dams cannot be questioned. The question narrows itself to whether or not appellee's right to enter upon appellant's land and conduct "surveys" includes the right to conduct core drilling operations. We con-

-clude that it does. The construction of a dam is essential to carrying out one of the Authority's basic functions, to-wit: "the control, conservation and orderly development of the watershed and water of the Red River and its Texas tributaries." To permit appellee the right to enter land and make surveys but deny it the right to conduct core drilling to determine the feasibility of locating a dam would be contrary to the clear intention of the Legislature. Surveying, without the right to test the underground stratum would be of little value to water control districts. Core drilling to determine the underground stratum is an essential step in determining the location of proposed dams.

We cannot agree with appellant's contention appellee's entry upon appellant's land and conducting core drilling without consent therefor amounts to a "taking" in violation of Article I, Section 17 of the Constitution of Texas. Our courts have drawn a distinction between the taking of property within the meaning of the constitutional provisions and the damaging of property. Tarrent County Water Control & Improvement District v. Reid, (Tex.Civ.App.), 203 S.W.2d 290, (NRE); Webb v. Dameron, (Tex.Civ. App.), 219 S.W.2d 581, (NRE). We conclude the contemplated entry and core drilling is not a taking of appellant's property as contemplated by Article I, Section 17 of the Texas Constitution.

We have not found or been cited to any Texas case directly in point, but cases of other jurisdictions are annotated in 29 A.L.R. 1409, where it is said:

> "'An entry on private property for the sole purpose of making the necessary explorations for location is not taking it; the right remains in the owner as fully as before; no permanent injury can be sustained; nothing is taken from him; * * *'".

See also 29 C.J.S. Eminent Domain § 226, Page 1179. We conclude, and so hold, appellee was duly authorized to enter upon appellant's land and conduct necessary core drilling operations. Unquestionably appellee would become liable for damages to appellant's land by reason of such core drilling. Lewis v. Texas Power & Light Co., (Tex.Civ.App.), 276 S.W.2d 950, (NRE).

Appellant's contention that the trial court erred in failing to require appellee to give security for the payment of damages which might be caused by its entry is also without merit. This is not a condemnation proceeding, and appellee's entry and core drilling is not a "taking" as contemplated by the Constitution. We therefore conclude a money deposit of the estimated damages is not required. Lewis v. Texas Power & Light Co., Supra, and the authorities cited therein. See also McFaddin v. State, (Tex.Civ.App.), 373 S.W.2d 259, (NRE); and Kirschke v. City of Houston, (Tex.Civ.App.), 330 S.W.2d 629.

Appellant attacks the trial court's jurisdiction due to the lack of necessary parties. This contention was made for the first time in appellant's motion for new trial. His amended motion for new trial included an attached copy of an oil and gas lease showing other owners of the land here involved. Appellant's contention was not timely and did not comply with Rule 37, Texas Rules of Civil Procedure. From this record appellant alone was in possession and control of the land in question. Sworn pleadings allege appellant himself denied appellee's agents and employees entry upon the land. In the absence of a plea of nonjoinder of necessary parties we are not authorized to reverse the trial court's judgment because of the lack of necessary parties. County School Trustees, etc. v. Edna Independent School District, (Tex. Civ.App.), 9 S.W.2d 506.

We have carefully reviewed appellant's points of error, and all points not discussed are overruled. The judgment of the trial court is affirmed.

Affirmed.