Dennis James MUSHINSKI, Appellant,

v.

Lana Jean MUSHINSKI, Appellee.

No. 6327.

Court of Civil Appeals of Texas, Waco.

Aug. 28, 1981.

John C. Paschall, Spence & Paschall, Hearne, for appellant.

James H. McCullough, Palmos & Russ, Hearne, for appellee.

HALL, Justice.

Dennis and Lana Mushinski, the parties to this appeal, married in August, 1975. Lana's petition for divorce was granted in November, 1980, after a hearing by the court without a jury. The couple's property at the time of divorce included a home on a one-acre lot, an adjoining lot, a pickup truck and a passenger car, and household effects. All of the realty was encumbered with purchase money liens, and there were other debts. In the divorce judgment, each party was awarded particular items of personal property. The court ordered the sale of the remaining properties by a receiver, and the division of the proceeds between the parties.

Dennis brought this appeal. He claims that two boxes of coins, two guns and a stereo sold under the court's order were his separate property, and that he was thereby wrongfully divested of those items. Additionally, he contends the trial court erred in failing to reimburse him for asserted advancements from his separate estate allegedly used for the purchase of community property. We affirm the judgment.

■ All property owned by either spouse during or on dissolution of marriage is presumed to be community property. V.T. C.A., Family Code § 5.02. In order to overcome this presumption, it was necessary for Dennis to clearly trace any original separate property into the particular assets on hand during the marriage. *Cockerham v. Cockerham*, 527 S.W.2d 162, 167 (Tex.1975).

■ In our case, the only guns ordered sold were a Remington shotgun and a Winchester rifle. Dennis testified that the shotgun was "about two years old," and that he had owned the rifle "about three and a half, four years." There was no evidence that the guns were purchased with separate funds. They were community property.

■ The receiver was ordered to liquidate "boxes of money." Lana testified that the couple owned two "grocery boxes" of coins ranging from quarters to pennies. Dennis said, "The coins she's talking about

are pennies and I had them before I got married. Most of them are pennies. Whenever I'd have change I'd throw it out because I didn't like to carry too much change in my pocket. And over the years all the silver and stuff's been gone and most of it's pennies, now. I just threw it in there. I hadn't put any in there in the last two years, I guess." This evidence does not conclusively establish Dennis's claim for reimbursement. It came from interested witnesses, and the trial court was entitled as trier of the facts to disbelieve any part of it. In any event, it shows indiscriminate commingling of any coins separately owned by Dennis with community funds, and it entirely fails to show the value of the coins claimed by him. It does not meet the rule of tracing.

■ The judgment awarded a "Soundesign Stereo" to Lana, and it ordered the receiver to sell a "stereo." At the divorce hearing, Lana testified that she and Dennis owned two stereos. She said that one was given to her by her parents, and that the other was bought "at Salvaggio's ... during the marriage." Dennis testified that he owned a stereo that he bought "at Salvaggio's ... in 1973." No other evidence was adduced at the hearing regarding any stereos owned by the couple. This testimony does not conclusively establish that the stereo ordered sold was Dennis's separate property. To the contrary, it supports the trial court's implied finding that neither stereo was owned separately by him.

■ The only evidence which would tend to support Dennis's claim for advancements to the community from his separate estate was adduced by him at the hearing on his motion for new trial. He asserts the trial court erred in failing to either reform its judgment or grant him a new trial upon the basis of this evidence. We overrule this contention. Dennis readily admitted that none of this evidence was "newly discovered," and that it was all known by him and available to him at the hearing on the merits. The object of the proceeding on a motion for new trial is to provide the trial

court the opportunity to examine issues assigned as error that occurred in the course of the preceding trial and if need be to correct the errors. *Stillman v. Hirsch*, 128 Tex. 359, 99 S.W.2d 270, 275 (1936). The motion for new trial is not a means by which the case may be tried over or tried differently. *Sandoval v. Rattikin*, 395 S.W.2d 889, 891–892 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.). Moreover, the evidence concerning the asserted advancements was uncertain and confusing in many material particulars. Finally, assuming the claims for advancements were sufficiently proved, in the light of the entire record the court's division of the property, which did not allow the claims, was fair, just and equitable.

The judgment is affirmed.