NO. 07-04-0068-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 24, 2005



______________________________




JOHN W. BROOKS, APPELLANT



V.



LUBBOCK COUNTY HOSPITAL D/B/A UNIVERSITY MEDICAL CENTER, APPELLEE


_________________________________




FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2002-518,848; HONORABLE SAM MEDINA, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ. (1)



MEMORANDUM OPINION



 By this appeal, appellant John W. Brooks contends the trial court erred in 
dismissing his action alleging racial discrimination against Lubbock County Hospital, d/b/a
University Medical Center, for lack of jurisdiction. We affirm.

 Brooks, an African-American citizen of the United States, has been employed by 
the hospital since February 1987. In 1996, Brooks became the manager of the Emergency
Center Business Office and held this position until September 2000 when he was demoted
to supervisor of commercial follow-up Patient Account Department. Brooks alleged that
before his demotion, he had applied for promotion to Director of Admitting and also
inquired about a promotion as Assistant Director of Admitting. By his pleadings, Brooks
alleged that the fact he did not have a college degree was given as the ostensible reason
he was not considered for the promotions. Brooks also alleged


 he was the victim of write-ups by Ms. Bullett beginning in July 2000;
 he was not given a bonus in January 2001 because of the
discriminatory write-ups;
 although he applied for a promotion to resource Assistance
Department in June 28, 2001, he was not selected for an interview;
 the ratio of African-Americans to whites working in the Patient
Accounting Department is disproportionate from the number of
African-American individuals qualified to perform some of the jobs in
the department; and
 the hospital engages in discriminatory practices by failing to select
qualified African-Americans for jobs in such department and has
engaged in a pattern or practice of discrimination in failing to fill
positions in the Patient Accounting Department with qualified African-American individuals. 



He concludes the hospital unlawfully discriminated against him contrary to section 21.051
of the Texas Labor Code. By its plea to the jurisdiction, the hospital alleged Brooks failed
to exhaust administrative remedies; thus, the trial court did not have subject matter
jurisdiction to hear the case. See §21.201. Brooks did not file an answer or response to
the hospital's plea to jurisdiction. Following a hearing on the motion to dismiss, the trial
court signed an order on November 21, 2003, dismissing the action for want of jurisdiction. 
Brooks's motion for new trial by which he alleged compliance with the requirements of
section 21.201 was sufficient under the relation back doctrine was overruled by operation
of law. 

 By his only issue, Brooks contends the trial court erred in dismissing his case for
lack of subject matter jurisdiction based upon a failure to exhaust administrative remedies
or to timely file a charge of discrimination where he timely (within the 180 day limitations
period) sent a letter voicing his concerns of racial discrimination to the Equal Employment
Opportunity Commission such that, under the relation back doctrine, the untimely (outside
the 180 day limitations period) filing of his formal complaint with the Equal Employment
Opportunity Commission/Texas Commission on Human Rights (EEOC/TCHR) will date
back to the date of the letter. We disagree. Subject matter jurisdiction of a suit alleging discrimination by an employee under
sections 21.201(a) and 21.202(a) of the Texas Labor Code requires the timely submission
of a grievance to the Commission on Human Rights within 180 days of the alleged
misconduct. Vincent v. West Texas State University, 895 S.W.2d 469, 473 (Tex.App.--Amarillo 1995, no writ), (citing Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 486
(Tex. 1991)). Under section 21.201(b), an administrative review is commenced by a
person filing a written complaint, made under oath, with the commission. The complaint 
must state:

 (1) that an unlawful employment practice has been committed;


 (2) the facts on which the complaint is based, including the date, place, and
circumstances of the alleged unlawful employment practice; and


 (3) facts sufficient to enable the commission to identify the respondent.



§ 21.201(c). "Respondent" means the person charged in a complaint filed under this
chapter and may include an employer, employment agency, labor organization, or joint
labor-management committee that controls an apprenticeship or other training or retraining
program, including an on-the-job training program. See § 21.002(13). Subsections (e) and
(f) authorize the amendment of a complaint to cure technical defects or omissions and the
allegation of additional facts.

 On October 10, 2000, Brooks wrote the EEOC as follows:

 I know you are a very busy person, but I have some concerns that my rights
have been violated at University Medical Center. I am inclosing some
material for you to review if you would and maybe I could visit with you about
my concerns. Attached you will find Memos and documents, that I feel is
[sic] unjust. I would like your professional opinion on what my options are
before I make any decision on this matter. I still have to support my family.


 Brooks acknowledges that a discrimination complainant must be filed with the
EEOC/TCHR within 180 days; however, by his argument, he contends his October 10 
letter should be deemed sufficient to confer jurisdiction on the trial court. 

 Even if the letter is sufficient to constitute a charge of unlawful employment practice,
a question we need not decide, it does not provide the underlying facts of the complaint
nor the date thereof and does not name the respondent nor provide sufficient facts to
identify the respondent. (2) While the five alleged acts of unlawful employment practice set
out in the pleadings may be sufficient to survive a special exception or similar challenge
to the pleadings, we conclude the October 10 letter was not sufficient to confer subject
matter jurisdiction on the trial court. Brooks's sole issue is overruled.

 We need not address the relation back doctrine presented by Brooks in his motion
for new trial because of his reliance on the October 10 letter. Additionally, he does not
present an issue asserting trial court error in denying the motion for new trial. Moreover,
because the relation back doctrine was not raised by Brooks at the first hearing, it could
not be considered as grounds for a new trial. See Mushinski v. Mushinski, 621 S.W.2d
669, 670-71 (Tex.Civ.App.--Waco 1981, no writ); Puryear v. Red River Authority of Texas,
383 S.W.2d 818, 821 (Tex.Civ.App.--Amarillo 1964, writ ref'd n.r.e.).

 Accordingly, the judgment of the trial court is affirmed. 

 Per Curiam
1. Former Chief Justice Phil Johnson was on the panel that heard oral argument. He
did not participate in the decision. Tex. R. App. P. 41.1(b).
2. The memos and documents referred to in the letter do not appear in the record
before us.