NO. 07-04-0068-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 24, 2005

_____

JOHN W. BROOKS, APPELLANT

V.

LUBBOCK COUNTY HOSPITAL D/B/A UNIVERSITY MEDICAL CENTER, APPELLEE

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2002-518,848; HONORABLE SAM MEDINA, JUDGE

_____

Before REAVIS and CAMPBELL, JJ.[1]

**MEMORANDUM OPINION**

By this appeal, appellant John W. Brooks contends the trial court erred in dismissing his action alleging racial discrimination against Lubbock County Hospital, d/b/a University Medical Center, for lack of jurisdiction. We affirm.

---

[1]Former Chief Justice Phil Johnson was on the panel that heard oral argument. He did not participate in the decision. Tex. R. App. P. 41.1(b).

Brooks, an African-American citizen of the United States, has been employed by the hospital since February 1987. In 1996, Brooks became the manager of the Emergency Center Business Office and held this position until September 2000 when he was demoted to supervisor of commercial follow-up Patient Account Department. Brooks alleged that before his demotion, he had applied for promotion to Director of Admitting and also inquired about a promotion as Assistant Director of Admitting. By his pleadings, Brooks alleged that the fact he did not have a college degree was given as the ostensible reason he was not considered for the promotions. Brooks also alleged

- he was the victim of write-ups by Ms. Bullett beginning in July 2000;
- he was not given a bonus in January 2001 because of the discriminatory write-ups;
- although he applied for a promotion to resource Assistance Department in June 28, 2001, he was not selected for an interview;
- the ratio of African-Americans to whites working in the Patient Accounting Department is disproportionate from the number of African-American individuals qualified to perform some of the jobs in the department; and
- the hospital engages in discriminatory practices by failing to select qualified African-Americans for jobs in such department and has engaged in a pattern or practice of discrimination in failing to fill positions in the Patient Accounting Department with qualified African-American individuals.

He concludes the hospital unlawfully discriminated against him contrary to section 21.051 of the Texas Labor Code. By its plea to the jurisdiction, the hospital alleged Brooks failed to exhaust administrative remedies; thus, the trial court did not have subject matter jurisdiction to hear the case. *See* §21.201. Brooks did not file an answer or response to

the hospital's plea to jurisdiction. Following a hearing on the motion to dismiss, the trial court signed an order on November 21, 2003, dismissing the action for want of jurisdiction. Brooks's motion for new trial by which he alleged compliance with the requirements of section 21.201 was sufficient under the relation back doctrine was overruled by operation of law.

By his only issue, Brooks contends the trial court erred in dismissing his case for lack of subject matter jurisdiction based upon a failure to exhaust administrative remedies or to timely file a charge of discrimination where he timely (within the 180 day limitations period) sent a letter voicing his concerns of racial discrimination to the Equal Employment Opportunity Commission such that, under the relation back doctrine, the untimely (outside the 180 day limitations period) filing of his formal complaint with the Equal Employment Opportunity Commission/Texas Commission on Human Rights (EEOC/TCHR) will date back to the date of the letter. We disagree.

Subject matter jurisdiction of a suit alleging discrimination by an employee under sections 21.201(a) and 21.202(a) of the Texas Labor Code requires the timely submission of a grievance to the Commission on Human Rights within 180 days of the alleged misconduct. Vincent v. West Texas State University, 895 S.W.2d 469, 473 (Tex.App.--Amarillo 1995, no writ), (citing Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 486 (Tex. 1991)). Under section 21.201(b), an administrative review is commenced by a person filing a written complaint, made under oath, with the commission. The complaint must state:

(1) that an unlawful employment practice has been committed;

(2) the facts on which the complaint is based, including the date, place, and circumstances of the alleged unlawful employment practice; and

(3) facts sufficient to enable the commission to identify the respondent.

§ 21.201(c). "Respondent" means the person charged in a complaint filed under this chapter and may include an employer, employment agency, labor organization, or joint labor-management committee that controls an apprenticeship or other training or retraining program, including an on-the-job training program. *See* § 21.002(13). Subsections (e) and (f) authorize the amendment of a complaint to cure technical defects or omissions and the allegation of additional facts.

On October 10, 2000, Brooks wrote the EEOC as follows:

I know you are a very busy person, but I have some concerns that my rights have been violated at University Medical Center. I am inclosing some material for you to review if you would and maybe I could visit with you about my concerns. Attached you will find Memos and documents, that I feel is [sic] unjust. I would like your professional opinion on what my options are before I make any decision on this matter. I still have to support my family.

Brooks acknowledges that a discrimination complainant must be filed with the EEOC/TCHR within 180 days; however, by his argument, he contends his October 10 letter should be deemed sufficient to confer jurisdiction on the trial court.

Even if the letter is sufficient to constitute a charge of unlawful employment practice, a question we need not decide, it does not provide the underlying facts of the complaint

4

nor the date thereof and does not name the respondent nor provide sufficient facts to identify the respondent.[2] While the five alleged acts of unlawful employment practice set out in the pleadings may be sufficient to survive a special exception or similar challenge to the pleadings, we conclude the October 10 letter was not sufficient to confer subject matter jurisdiction on the trial court. Brooks's sole issue is overruled.

We need not address the relation back doctrine presented by Brooks in his motion for new trial because of his reliance on the October 10 letter. Additionally, he does not present an issue asserting trial court error in denying the motion for new trial. Moreover, because the relation back doctrine was not raised by Brooks at the first hearing, it could not be considered as grounds for a new trial. *See* Mushinski v. Mushinski, 621 S.W.2d 669, 670-71 (Tex.Civ.App.--Waco 1981, no writ); Puryear v. Red River Authority of Texas, 383 S.W.2d 818, 821 (Tex.Civ.App.--Amarillo 1964, writ ref'd n.r.e.).

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

---

[2]The memos and documents referred to in the letter do not appear in the record before us.

5