Opinion issued April 12, 2012

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00112-CV

———————————

Paul Ouzenne, Appellant

V.

Carnell
Haynes, Appellee



 



 

On Appeal from the 129th District Court 

Harris County, Texas



Trial Court Case No. 2007-56667

 



 

MEMORANDUM OPINION

          We deny appellant’s motion for
rehearing; however, we withdraw this Court’s opinion of May 12, 2001, and issue
this opinion in its stead.  Our judgment
of May 12, 2011 remains unchanged.

This is an appeal from an order confirming an arbitration
award in favor of appellee, Carnell Haynes, on his claims against appellant,
Paul Ouzenne, arising out of a construction contract.  In seven issues on appeal, Ouzenne contends
the trial court erred in confirming the award because the arbitrator (1) made a
“gross mistake,” (2) exceeded his powers, and (3) violated public policy and the
law.  We affirm.

BACKGROUND

          According to his petition, Haynes
approached Ouzenne about the possibility of Ouzenne building a four-plex
apartment structure on Haynes’s property. 
In December 2006, Haynes and Ouzenne signed a construction contract for
the proposed four-plex.  Unable to obtain
financing for the project himself, Haynes alleged that Ouzenne told him that he
would obtain the financing for Haynes. 
Thereafter, Haynes alleged that Ouzenne had him sign a contract of sale
for the property from Haynes to Ouzenne. 
Haynes did so because he believed that it was necessary to obtain
financing for the building project, but he did not realize that he would be
transferring title to the property to Ouzenne. 
Thereafter, Ouzenne gave Haynes notice that he intended to evict Haynes
from the property.

          In response, Haynes sued Ouzenne in
2007, asserting common-law fraud, statutory fraud, breach of fiduciary duty,
promissory estoppel, and violations of the Texas Deceptive Trade Practices
Act.  Ouzenne filed a motion to compel
arbitration, which the trial court granted.

          After an arbitration before C. Johnson
at the Dispute Resolution Center of Harris County, the arbitrator issued an
award in Haynes’s favor for $136,410.60, plus pre and post-judgment
interest.  Haynes moved to enter judgment
based on the arbitrator’s award, and Ouzenne moved to vacate the arbitrator’s
award.  On December 15, 2009, the trial
court granted Haynes’s motion, denied Ouzenne’s motion, and entered a judgment
confirming the arbitrator’s award.  After
the trial court denied Ouzenne’s motion for new trial, this appeal followed.

CONFIRMATION OF ARBITRATION

Standard of Review

Review of a trial court’s decision as to vacatur or
confirmation of an arbitration award is de novo and an appellate court reviews
the entire record. In re Chestnut Energy Partners, Inc., 300 S.W.3d 386,
397 (Tex. App.––Dallas 2009, pet. denied); see also Statewide Remodeling,
Inc. v. Williams, 244 S.W.3d 564, 567–68 (Tex. App.––Dallas 2008, no pet.)
(discussing standard of review for confirmation of award).
Because Texas law favors arbitration, however, our review is “extremely
narrow.” See Hisaw & Assocs. Gen. Contractors, Inc. v. Cornerstone
Concrete Sys., Inc., 115 S.W.3d 16, 18 (Tex. App.––Fort Worth 2003, pet.
denied); IPCO–G. & C. Joint Venture v. A.B. Chance Co., 65 S.W.3d
252, 256 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). An arbitration award
has the same effect as a judgment of a court of last resort; accordingly, all
reasonable presumptions are indulged in favor of the award and the award is
conclusive on the parties as to all matters of fact and law. CVN Group, Inc.
v. Delgado, 95 S.W.3d 234, 238 (Tex. 2002). Review of an arbitration award
is so limited that even a mistake of fact or law by the arbitrator in the
application of substantive law is not a proper ground for vacating an award. Crossmark,
Inc. v. Hazar, 124 S.W.3d 422, 429 (Tex. App.—Dallas 2004, pet. denied).  Here, the parties agree that the Texas
Arbitration Act governs their case.  See
Tex. Civ. Prac. & Rem. Code
Ann. §§ 171.001–.098 (Vernon 2001).

Gross Mistake

In issues one, two, four, and seven, appellant contends the
trial court erred in failing to vacate the arbitration award because the
arbitrator committed a “gross mistake”[1]
by (1) entering an award that relied on tax appraisals for determining fair
market value (issues one and two), (2) failing to consider evidence that Haynes
was aware and fully intended to sell his property to Ouzenne (issue four), and
(3) failing to properly apply the parol evidence rule (issue seven).

      Gross mistake is
a Texas state common law standard that has been used to attack arbitration
awards. Callahan & Assocs. v. Orangefield Indep. Sch. Dist., 92
S.W.3d 841, 844 (Tex. 2002). A “gross mistake” is a mistake by the arbitrator that
implies bad faith or failure to exercise honest judgment. Anzilotti v. Gene
D. Liggin, Inc., 899 S.W.2d 264, 266 (Tex. App.—Houston [14th Dist.] 1995,
no writ) (quoting Carpenter v. N. River Ins. Co., 436 S.W.2d 549, 551
(Tex. App.—Houston [14th Dist.] 1968, writ ref’d n.r.e.)).     Ouzenne
argues that relying on the tax rolls to determine value was a gross mistake
because tax rolls are no evidence of actual value.  In support, Ouzenne relies on Housing
Auth. of Dallas v. Brown, 256 S.W.2d 656, 659 (Tex. Civ. App.—Dallas 1953,
no writ), which held that error, if any, in refusing to admit evidence of tax
value was harmless because “tax rolls do not reflect actual value,” but an
“approximate percentage of actual value.” 
Id. Brown, however, does not state that the value as reflected on
the tax rolls is of no probative value. 

Ouzenne also relies
on In re Marriage of Scott, 117, S.W.3d 580, 585 (Tex. App.—Amarillo
2003, no pet.), which we also find distinguishable.  In Scott, the wife in a divorce case
presented evidence that the marital home was valued at $35,610.  Id. at 583.  She reached this value by relying on the tax
appraisal from Hutchison County Appraisal District.  Id. at 585.  The court of appeals held this evidence of
value was factually insufficient because the tax appraisal was over
three years old on the date of trial and two experts, including the wife’s own
expert, valued the property at much more. 
Id.  Scott, however, does
not stand for the proposition that tax appraisals are no evidence, i.e.,
legally insufficient evidence, of fair market value.[2]

      Thus,
we conclude that the arbitrator’s reliance on tax rolls to determine value does
not rise to a level that implies
the bad faith or failure to exercise honest judgment required to show gross mistake.

      Ouzenne also
argues that the arbitrator committed gross mistake by disregarding testimony
indicating that Haynes knew that he was selling the property to Ouzenne.  However, contentions that an arbitrator
disregarded even uncontroverted testimony may show a mistake of fact or law,
but do not rise to the level of gross mistake. 
See Graham-Rutledge & Co. v. Nadia
Corp., 281 S.W.3d 683, 689 (Tex. App.—Dallas 2009, no pet.).  Furthermore, as fact-finder, the arbitrator
could judge the credibility of the witnesses and choose who to believe or
disbelieve.  See Xtria L.L.C. v. Intern. Ins. Alliance, Inc., 286 S.W.3d 583,
597 (Tex. App.—Texarkana 2009, pet. denied).

      Thus, we conclude that the arbitrator’s
decision to believe Haynes’s evidence over Ouzenne’s, even if erroneous, does
not rise to a level that implies the bad faith or failure to exercise
honest judgment required to show gross mistake.

          Finally, Ouzenne contends that the
arbitrator committed a “gross mistake” by failing to properly apply the parol
evidence rule.  The arbitrator’s evidentiary ruling, even if erroneous, does not rise to
a level that implies the bad faith or failure to exercise honest judgment
required to show gross mistake.  See Anzilotti., 899 S.W.2d at 266
(holding that mistake of law is insufficient to set aside arbitration award).

          To the extent that points of error
one, two, four, and seven claim that the arbitrator failed to give an honest
consideration resulting in a gross mistake, they are overruled.

Exceeds Powers

In issue three, Ouzenne contends the arbitrator exceeded his
powers, which is a statutory ground for vacating an arbitration award under
section 171.088(a)(3)(A) of the Civil Practices and Remedies Code.  Tex. Civ. Prac. & Rem. Code
Ann. § 171.088(a)(3)(A). 
The authority of arbitrators is derived from the arbitration agreement
and is limited to a decision of the matters submitted therein either expressly
or by necessary implication. Gulf Oil Corp. v. Guidry, 160 Tex. 139, 327
S.W.2d 406, 408 (1959); see also Allstyle Coil Co., L.P., v. Carreon,
295 S.W.3d 42, 44 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (stating scope
of authority depends on the agreement). Arbitrators exceed their powers when
they decide matters not properly before them. Ancor Holdings, LLC v.
Peterson, Goldman & Villani, Inc., 294 S.W.3d 818, 829 (Tex. App.—Dallas
2009, no pet.); Barsness v. Scott, 126 S.W.3d 232, 241 (Tex. App.—San
Antonio 2003, pet. denied). 

          Ouzenne argues that the arbitrator
exceeded his powers because the arbitration agreement requires that all
disputes “be resolved by binding arbitration in accordance with the rules of
the American Arbitration Association [“AAA”],” and the arbitrator was not
selected in accordance with those rules. 
Instead, Ouzenne complains that the “parties were ordered to binding
arbitration at the Harris County Dispute Resolution Center,” which
“unilaterally selected the Arbitrator, without providing a selection process.”

          However, the record shows that Ouzenne
did not object to the method of appointing the arbitrator until after the
arbitration was completed.  In fact,
Ouzenne did not complain about the method for appointing the arbitrator until
he filed his motion for new trial after the trial court confirmed the award. 

The AAA rules upon which Ouzenne rely provide that a party
must object to the jurisdiction of the arbitrator in a timely manner.  See
Thomas Petroleum, Inc. v. Morris, No. 01-09-01065-CV, 2011 WL 742651, at *3,
(Tex. App.—Houston [1st Dist.] Mar. 3, 2011, no pet.) (citing Employment Arbitration Rules and Mediation
Procedures, Rule 6(c) (formerly known as National Rules for Resolution of Employment Disputes)). The
same is true under Texas common law. Id. (citing
L.H. Lacy Co. v. City of Lubbock, 559 S.W.2d 348, 352–53 (Tex. 1977) (holding
that, when both parties participate in arbitration proceedings, neither
unequivocally withdraws its consent to arbitrate, and arbitration proceedings
result in award, award is valid and enforceable)). 
          Thus,
Ouzenne’s right to complain about the method by which the arbitrator was
selected is waived.  See Slaughter v. Crisman & Nesbit, 152 S.W. 205, 207–08 (Tex.
Civ. App—San Antonio 1912, no writ) (holding that when party to arbitration
appeared and offered testimony before and after appointment of third
arbitrator, he waived any irregularity in procedure occurring before the
appointment of third arbitrator as required by agreement).

          Because Ouzenne participated in the
arbitration without complaining about the method by which the arbitrator was
selected until after the arbitration was concluded and a judgment thereon was
confirmed, the trial court did not err by concluding that the arbitrator did not
exceed his authority by deciding matters not properly before him.

          We overrule issue three.

Violates Public Policy and the Law

          In issues five and six, Ouzenne
contends the trial court erred in failing to vacate the arbitration award
because it “violates public policy and the law.”  Specifically, Ouzenne complains that (1) the
arbitration award did not specify a “laundry list” DTPA violation, and (2) was
not based on a good or service as defined by the DTPA.

          Ouzenne’s claim, however, is not that
the award should be vacated because it is unlawful,[3]
but that the trial court committed an error of law.  And, although Ouzenne claims that the award
violates public policy, he cites no way in which the award violates “carefully
articulated, fundamental policy.”  CVN Group, 95 S.W.3d at 239.

“[A]lleged errors in the application of substantive law by
the arbitrators during the proceedings in arbitration are not reviewable by the
court on a motion to vacate an award.” Jamison
& Harris v. Nat’l Loan Investors, 939 S.W.2d 735, 737 (Tex.
App.—Houston [14 Dist.] 1997, writ denied). A mistake of fact or law is
insufficient to set aside an arbitration award. Anzilotti, 899 S.W.2d at
266.

 We overrule issues
five and six.

CONCLUSION

          We affirm the judgment of the trial
court.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justice Bland.[4]

 











[1]
          The Supreme Court has recently
held that the statutory grounds provided in sections 10 and 11 of the Federal
Arbitration Act for vacating, modifying, or correcting an arbitration award are
the exclusive grounds for vacating an arbitration award.  Hall
St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 584, 128 S. Ct. 1396,
1403 (2008).  However, the Texas Supreme
Court has expressed no opinion as to the continued viability of common law
grounds for attacking an arbitration under the TAA.  See E.
Tex. Salt Water Disposal Co. v. Werline, 307 S.W.3d 267, 270 n.7 (Tex.
2010) (“We express no opinion on this issue [of whether an arbitration under
the TAA can be set aside on common law grounds.].”0.





[2]           We
also note that commentators have suggested that “[t]he Scott case may be good law in rural counties where years may
intervene between value appraisal dates or where expert opinions vary greatly
from the tax rolls, but this case may not apply to urban counties where values
are updated yearly.”   2 Stewart W.
Gagnon, et al., Tex. Practice Guide:
Family Law § 8.428 (2010).





[3]
          For example, an arbitration may
be set aside as unlawful if it is based on an unlawful contract.  See CVN
Group, 95 S.W.3d at 238 (“[A]n illegal contract unenforceable by litigation
should not gain legitimacy through arbitration.”).





[4]           Justice Elsa
Alcala, who participated in this case on original submission, took the oath of
office as a Judge of the Court of Criminal Appeals of Texas on May 20, 2011 and
is no longer a member of this Court.  See Tex. Const. art. XVI, § 40. 
Thus, Justice Alcala did not participate in the decision to deny
rehearing in this case.