THOMAS PETROLEUM, INC. and
Thomas Fuels, Lubricants &
Chemicals, Appellants,

v.

Gregory MORRIS, Appellee.

and

Gregory Morris, Cross–Appellant,

v.

Thomas Petroleum, Inc. and Thomas
Fuels, Lubricants & Chemicals,
Cross–Appellees.

No. 01–09–01065–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

March 3, 2011.

Rehearing and Rehearing En Banc
Overruled June 25, 2011.

Brock C. Akers, Evelyn Ailts Derrington, Neal David Kieval, Phillips & Akers, P.C., Levi J. Benton, Houston, TX, Patrick A. Cullen, Cullen, Carsner, Seerden & Cullen, LLP, Victoria, TX, for Appellants.

Adam P. Schiffer, Schiffer Odom Hicks & Johnson PLLC, Jennifer B. Hogan, Matthew E. Coveler, Richard P. Hogan Jr., Hogan & Hogan, L.L.P., John Manuel Padilla, Padilla, Rodriguez & De La Garza L.L.P., Rhonda H. Wills, Wills Law Firm, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

JANE BLAND, Justice.

Thomas Petroleum, Inc. and Thomas Fuels, Lubricants and Chemicals (collectively, Thomas) appeal the trial court's confirmation of an arbitration award in favor of Gregory Morris, Thomas Fuels's former employee. Morris worked as a truck driver delivering fuel to customers. A fellow truck driver stabbed and seriously injured Morris in a knife attack over a dispute about a truck assignment. Thomas terminated Morris's employment. Morris sued Thomas for wrongful discharge, negligence, and defamation. Thomas moved to compel binding arbitration under its employment agreement with Morris and sought a stay of proceedings, which the trial court granted. A three-member arbitration panel decided the case in Morris's favor and awarded him substantial damages, attorney's fees, and costs.

Morris returned to the trial court and moved to confirm the award, which Thomas opposed. After hearing the motion, the trial court rendered judgment. It con-

firmed the arbitration award but denied Morris's request for pre- and post-judgment interest.

On appeal, Thomas challenges the trial court's confirmation of the award, claiming that, despite the parties' express stipulation to the contrary, the Federal Arbitration Act (FAA) does not apply, and that application of the contractual standard of review in the employment agreement requires vacatur of the award. In a cross-appeal, Morris complains of the trial court's denial of his request for pre- and post-judgment interest on the arbitration award. We hold that Thomas waived its challenge to the FAA's application and failed to identify any ground for vacatur under the FAA. We further hold that the trial court correctly denied Morris's request for pre- and post-judgment interest. We therefore affirm.

## Background

### Circumstances leading to termination of Morris's employment

This dispute arose out of the incident that led to Morris's discharge in early 2007.[1] Early one morning in December 2006, after Morris left the worksite to make a delivery, the dispatcher called Morris back to the facility because she had assigned Morris the wrong truck. When Morris returned, the angry driver who had been waiting for the truck attacked Morris, stabbing him in the throat.

Morris was seriously injured. Several days after the attack, Morris's wife informed Thomas that her husband was recuperating from surgery, and she inquired about his medical leave and disability ben-

---

1. Thomas did not introduce the record from the arbitration proceeding. Our recitation of the facts comes from the arbitration panel's orders.

efits. Thomas terminated Morris's employment.

### Arbitration agreement

As a condition of employment with Thomas, Morris had signed a "Dispute Resolution Program & Binding Arbitration Agreement Between All Employees & Thomas Fuels, Lubricants and Chemicals, Inc., Employer." The arbitration agreement recites that it is binding on every Thomas employee. Continued employment with Thomas is contingent on each employee's agreement that he is bound by its terms. The parties agreed to submit any employment disputes that they could not resolve through mediation to the American Arbitration Association (AAA) for resolution. In addition, the agreement provides:

> The award rendered by the arbitrator(s) shall be final, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. All parties stipulate and agree that [Thomas] is engaged in interstate commerce and that the enforcement of this arbitration agreement shall be governed by the U.S. Arbitration Act, 9 U.S.C. § 1, et seq.

The agreement provides for a limited contractual "right of appeal" if the arbitration award exceeds $50,000 or provides for injunctive relief. It declares:

> The scope and standard of review to be applied by the District Judge in this limited right of appeal will be the same scope and standard of review as the Texas Supreme Court applies when reviewing a civil judgment following a bench trial without a jury. Accordingly, this appeal may only contest issues and points of law and will not involve a review of the factual sufficiency of the evidence. If the District Judge determines that the original arbitrator(s) erred on a point of law, the District Judge shall have the right to render a final award to be consistent with a correct application of the applicable law in the same manner as the Texas Supreme Court would render judgment to correct an error of law by a lower court.

### Proceedings in the trial court

Morris sued in Harris County district court, claiming that Thomas had violated his rights under the federal Family Medical Leave Act and Americans with Disabilities Act, as well as bringing common-law claims for negligence. Morris also asserted a defamation claim based on Thomas's statements to potential employers and others concerning Morris's job performance, work history, and the circumstances preceding his discharge.

Thomas responded with a verified plea in abatement. It asserted that Morris's claims were subject to the agreement, invoked the FAA as the law governing the agreement, and requested that the trial court stay the proceedings pursuant to the FAA. Morris did not oppose Thomas's request. Thomas also brought a property damage counterclaim against Morris in the arbitration proceeding. The parties jointly selected three arbitrators and proceeded on Morris's claims. The parties tried their claims to the arbitration panel. The panel found in favor of Morris on his claims, and it rejected Thomas's counterclaim.

### Discussion

#### I. *Applicability of the Federal Arbitration Act*

■ Thomas contends that, in confirming the award, the trial court erred by rejecting the more stringent standard of review set forth in the agreement and instead reviewing the award under the deferential standard prescribed by the FAA. The parties expressly stipulated in the

agreement that the FAA governs their dispute. The United States Supreme Court has held that parties may not contractually agree to a more stringent standard of review in arbitration agreements governed by the FAA; the statutory grounds for judicial review of arbitration awards are exclusive.[2] *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 585–86, 128 S.Ct. 1396, 1404–05, 170 L.Ed.2d 254 (2008); *accord Petroleum Analyzer Co. LP v. Olstowski*, No. 01–09–00076–CV, 2010 WL 2789016, *12 (Tex. App.-Houston [1st Dist.] Jul. 15, 2010, no pet.) (mem. op.). Recognizing this obstacle to its position, Thomas contends that, as a truck driver, Morris is among a class of transportation workers exempt from the FAA's purview, negating the parties' express stipulation that the FAA applies to their dispute. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119, 121 S.Ct. 1302, 1311, 149 L.Ed.2d 234 (2001) (holding that FAA, by its terms, does not apply to employment contracts of transportation workers engaged in interstate or foreign commerce). When there is an express agreement to arbitrate under the FAA, we previously have upheld such choice-of-law provisions even when the transaction at issue does not involve interstate commerce. *In re Kellogg Brown & Root*, 80 S.W.3d 611, 617 (Tex.App.-Houston [1st Dist.] 2002, orig. proceeding). We need not reach the merits of the questions that Thomas poses in this case—specifically whether Morris's former position is one that falls within the category of transportation workers or whether a party whose status otherwise renders him exempt from the FAA's purview can expressly contract for its application. We agree with Morris that Thomas has waived any objection to the FAA's application to this dispute by invoking it in the trial court.

Waiver is "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex.1987), *quoted in Jernigan v. Langley*, 111 S.W.3d 153, 156–57 (Tex.2003). A party waives an arbitration clause by substantially invoking the judicial process to the other party's detriment. *See In re Citigroup Global Mkts., Inc.*, 258 S.W.3d 623, 625 (Tex.2008) (orig. proceeding) (quoting *Perry Homes v. Cull*, 258 S.W.3d 580, 589–90 (Tex.2008), *cert. denied*, 555 U.S. 1103, 129 S.Ct. 952, 173 L.Ed.2d 116 (2009)). The reason for finding waiver under such circumstances lies in "the inherent unfairness caused by 'a party's attempt to have it both ways by switching between litigation and arbitration.'" *Id.* at 625 (quoting *Perry Homes*, 258 S.W.3d at 597); *cf. Keith v. Keith*, 221 S.W.3d 156, 163 (Tex.App.-Houston [1st Dist.] 2006, no pet.) (explaining that under invited error doctrine, appellant may not complain on appeal that trial court granted appellant's own request). This reason equally applies when a party substantially invokes the arbitral process to the other party's detriment.

In determining whether a party waived its right to arbitrate a dispute, courts have

---

2. The FAA provides four grounds for vacating an arbitration award:

(1) Where the award was procured by corruption, fraud, or undue means.

(2) Where there was evident partiality or corruption in the arbitrators, or either of them.

(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any party have been prejudiced.

(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10 (1999).

considered, among other factors: (1) which party moved for arbitration; (2) how long the movant delayed before seeking arbitration; (3) the amount of pretrial activity related to the merits rather than arbitrability or jurisdiction; (4) the amount of discovery conducted; and (5) whether the movant sought judgment on the merits. *See Perry Homes,* 258 S.W.3d at 591–92. Application of these factors here shows that Thomas waived any complaint about the enforcement of the agreement under the FAA as the agreement expressly provides. Thomas sought to compel arbitration under the agreement at the same time it filed its original answer and filed a verified plea in abatement, expressly invoking the FAA. Once in arbitration, Thomas also prosecuted a counterclaim against Morris. Thomas's insistence on having the dispute arbitrated to its conclusion before a three-member panel resulted in a considerable investment of time, energy, and expense, to Morris's detriment. We therefore conclude that Thomas waived its objection to the agreement's application by substantially invoking the FAA and the arbitral process.

The AAA Rules to which the agreement undisputedly binds Thomas and Morris also support the determination that Thomas waived its objection to the agreement's application to the dispute. They provide:

> A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

EMPLOYMENT ARBITRATION RULES AND MEDIATION PROCEDURES, Rule 6(c) (formerly known as NATIONAL RULES FOR RESOLUTION OF EMPLOYMENT DISPUTES). The same result obtains under Texas common law.

*L.H. Lacy Co. v. City of Lubbock,* 559 S.W.2d 348, 352–53 (Tex.1977) (holding that, when both parties participate in arbitration proceedings, neither unequivocally withdraws its consent to arbitrate, and arbitration proceedings result in award, award is valid and enforceable). Accordingly, we hold that Thomas has waived any complaint that the FAA does not apply to review of this arbitration award. Thomas's real quarrel is not with the arbitrability of these claims, but instead it is with the deference accorded the arbitrator's decision under the FAA. The United States Supreme Court has expressly rejected, however, the contractual efforts to expand or define the powers of courts presented with agreements the FAA governs. *See Hall Street,* 552 U.S. 576, 128 S.Ct. at 1404–05, 170 L.Ed.2d 254.

■ Thomas's remaining contentions on appeal rely either on application of a contractual standard of review, which we have rejected, or the position that the arbitration award violates public policy, which is not a valid ground for vacatur. *See Petroleum Analyzer Co.,* 2010 WL 2789016 at *12. "In the absence of a statutory or common law ground to vacate or modify an arbitration award, a reviewing court lacks jurisdiction to review other complaints, including the sufficiency of the evidence to support the award." *IPCO–G. & C. Joint Venture v. A.B. Chance Co.,* 65 S.W.3d 252, 256 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). We further observe that the lack of a record cripples the review of the arbitration panel's order on Thomas's complaints. We therefore hold that the trial court did not err in confirming the arbitration award.

## II. *Morris's cross-appeal*

■ In his cross-appeal, Morris contends that the trial court erred in refusing to award pre- and post-judgment interest in its judgment confirming the arbitration award. We reject this contention. The

agreement is silent on the issue of interest on an award, and the arbitration panel did not include any interest. The trial court lacked the authority to modify the award by adding pre- or post-judgment interest. *See Fogal v. Stature Constr., Inc.*, 294 S.W.3d 708, 722 (Tex.App.-Houston [1st Dist.] 2009, pet. denied).

The FAA does not address pre- and post-judgment interest on an arbitrator's award, so Morris is not automatically entitled to pre-judgment interest under the FAA. *See id.* (citing 9 U.S.C. §§ 1–307). Nor is Morris entitled to pre- or post-judgment interest under the Texas Finance Code absent an award from the panel. The Texas Finance Code provides that monetary judgments for personal injury earn pre-judgment interest, but that provision applies to judgments rendered by courts, not to awards rendered by arbitrators. *See* Tex. Fin.Code Ann. § 304.102 (Vernon 2006). Post-judgment interest is likewise unavailable. *See* Tex. Fin.Code Ann. § 304.001 (Vernon 2006) (post-judgment interest provision applies to "money judgment of a court in this state"). We hold that the trial court properly refused to award pre- or post-judgment interest in its judgment confirming the arbitration award.

### Conclusion

By expressly invoking the FAA and the arbitral process, we hold that Thomas waived its objection to the trial court's application of it in confirming the arbitral award. We further hold that the trial court properly rejected Morris's claim for pre- and post-judgment interest. We therefore affirm the order of the trial court. All pending motions are dismissed as moot.