**Affirmed in Part, Reversed in Part and Rendered, and Memorandum Opinion filed April 11, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00630-CV

---

## GILCHRIST COMMUNITY ASSOCIATION, Appellant

## V.

## J. MARCUS HILL AND JAMES E. BRADLEY, Appellees

---

**On Appeal from the County Court No. 2
Galveston County, Texas
Trial Court Cause No. CV76026A**

---

### MEMORANDUM OPINION

Appellant Gilchrist Community Association (Gilchrist) challenges, in seven issues, the trial court's final judgment confirming an arbitration award of quantum-meruit attorney's fees in favor of appellees J. Marcus Hill and James E. Bradley. Considering our jurisdiction, we conclude the trial court erred in denying Gilchrist's Texas Rule of Civil Procedure 306a motion because the trial court's finding on Gilchrist's date of notice was not supported by the evidence received at

the hearing. We, therefore, hold Gilchrist's appeal is timely, and we reach the merits.

On Gilchrist's challenge to the trial court's confirmation of the arbitration award, we conclude the arbitrator did not exceed her powers in awarding quantum-meruit attorney's fees to appellees and that the trial court did not err in confirming the arbitration award. We agree with Gilchrist that the trial court erred by awarding postjudgment interest when the arbitrator did not. Therefore, we reverse the portion of the final judgment regarding postjudgment interest and render judgment, in part, striking the award of postjudgment interest. We affirm the remainder of the final judgment as challenged on appeal.

## I. BACKGROUND

We have addressed portions of the background of this case before. *See Gilchrist Cmty. Ass'n v. Cnty. of Galveston*, No. 14-19-00774-CV, 2021 WL 5313781, at *2 (Tex. App.—Houston [14th Dist.] Nov. 16, 2021, pet. denied) (mem. op.) (*Gilchrist II*); *Gilchrist Cmty. Ass'n v. County of Galveston*, No. 14-17-00681-CV, 2018 WL 6722343 (Tex. App.—Houston [14th Dist.] Dec. 21, 2018, no pet.) (mem. op.) (*Gilchrist I*). Gilchrist was involved in condemnation proceedings concerning a piece of property commonly known as Rollover Pass, which is located on Bolivar Peninsula in Galveston County.

In 2016, the County filed a petition in condemnation naming the Gulf Coast Rod, Reel and Gun Club (the Club) as owner of the property. Although the applicable property on Rollover Pass was owned by the Club, Gilchrist managed and maintained the property. While there was no written agreement to that effect before the County filed its condemnation lawsuit, Gilchrist was added as a defendant to the condemnation proceeding to address its interest in the property. *Gilchrist II*, at *1.

2

In 2017, the Club settled the condemnation lawsuit after mediation with the County. Gilchrist also attended the mediation and although its attorneys and representative agreed to a settlement, Gilchrist's board of directors refused to accept the settlement.

At the time of mediation, appellees were the attorneys for Gilchrist. However, after Gilchrist refused the settlement, the relationship between Gilchrist and appellees soured, resulting in appellees' withdrawal from representation of Gilchrist. In 2019, appellees intervened in the condemnation suit seeking compensation for their representation. The trial court severed the attorney's-fees claim from the condemnation action, and the attorney's-fees claim was referred to arbitration pursuant to the agreement between the parties.

In 2021, appellees' attorney's-fees claim was heard by arbitrator Alice Oliver-Parrot, who concluded that although appellees could not recover on their breach-of-contract cause of action, they were entitled to quantum-meruit attorney's fees for the value of the work they performed defending the condemnation action. The arbitration award is premised on the conclusion there is no contract that covers work performed by appellees "to focus solely on contest to the right of condemnation and not seek value for the property interest taken."

Several days after the arbitration award issued, appellees filed a motion to confirm the arbitration award in the trial court. Four days later, and without a hearing, the trial court rendered a final judgment in favor of appellees confirming the arbitration award as well as adding postjudgment interest.

Gilchrist appealed but its appeal was outside the standard deadline for appeal, absent an extension of postjudgment deadlines pursuant to Texas Rule of Civil Procedure 306a. We previously dismissed Gilchrist's appeal on the basis that the late filing of the appeal deprived this court of subject-matter jurisdiction.

## II. TIMELINESS OF APPEAL

On rehearing, we concluded that we erred in dismissing Gilchrist's appeal for want of jurisdiction. We concluded this court had limited jurisdiction over the appeal to review issues stemming from Gilchrist's Rule 306a motion to extend postjudgment deadlines. We abated the case for the trial court to hold a hearing and make a finding on the date Gilchrist received notice of the final judgment, so that we could determine our jurisdiction.

### A. The trial court's finding

The trial court found that notice was sent by the clerk of the trial court to all parties on May 26, 2021 and that Gilchrist received notice on May 29, 2021. Gilchrist filed a supplemental brief to challenge that finding as not supported by the record.[1] We begin with issue one, in which appellant argues the trial court erred by denying its motion to extend postjudgment deadlines.

We review the trial court's finding for legal and factual sufficiency. *See LDF Constr., Inc. v. Texas Friends of Chabad Lubavitch, Inc.*, 459 S.W.3d 720, 724 (Tex. App.—Houston [14th Dist.] 2015, no pet.). When examining a legal-sufficiency challenge, we review the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it. *City of Keller v. Wilson,* 168 S.W.3d 802, 822 (Tex. 2005). When a party attacks the legal sufficiency of an adverse finding on an issue on which it has the burden of proof, it must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). When a party attacks the factual sufficiency of an adverse

---

[1] On September 18, 2023, the clerk of this court issued our order inviting the parties to file supplemental briefing to address the trial court's date-of-notice finding. Gilchrist filed a supplemental brief. Appellees have not filed a brief.

finding on an issue on which it has the burden of proof, it must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Id*. at 242. As the fact-finder on a motion to extend postjudgment deadlines, the trial court weighs the evidence, judges witness credibility, and enjoys "great latitude" to resolve relevant fact issues. *LDF Constr.*, 459 S.W.3d at 724.

## B.     Evidence at the hearing

At the hearing, Winston Cochran, counsel for Gilchrist at all relevant times to this appeal, testified that he never received notice by mail or email. Cochran testified that he learned of the final judgment when he checked the trial court's docket on August 2, 2021 in preparation for responding to appellees' motion to confirm the arbitration award. A representative from Gilchrist testified that it never received notice of the final judgment from the court; only from their counsel.

The letter from the trial-court clerk transmitting the final judgment, discussed at the hearing and part of the clerk's record, reflected that notice was sent to Calvin Jackson, an attorney who had previously appeared as an attorney for Gilchrist. The letter was not sent to Cochran, the only remaining attorney representing Gilchrist.

Although it was undisputed that Jackson had withdrawn more than a year earlier, appellees argued to the trial court that Jackson operated as a team with Cochran and may have covered hearings for Gilchrist after his withdrawal.[2] The trial court acknowledged that Jackson had withdrawn, but decided that it was confusing as to whether he was counsel of record.[3] The trial court explained its

---

[2] There was no evidence introduced at the hearing supporting this argument or theory.

[3] The trial court signed an order granting Jackson's motion to withdraw as "Co-counsel of Record" in January 2020. The order provided that Jackson was to be removed as counsel of

finding by stating that service on Jackson was proper notice to Gilchrist: "I find that notice [of the final judgment] . . . was given by the Clerk's Office on 5/26/2021; . . . I do understand your argument; but Mr. Jackson made appearances for Gilchrist even after he withdrew from this case."

## C. Trial court erred

The finding of fact made by the trial court states that Gilchrist received notice on May 29, 2021 "through their counsel."

Service under the rules is proper if a copy of the document is delivered: (1) to the party to be served; (2) the party's duly authorized agent; or (3) attorney of record. Tex. R. Civ. P. 21a(a). No evidence was received at the hearing to support a conclusion that Jackson was attorney-of-record for Gilchrist in May 2021. The only evidence adduced at the hearing was that Gilchrist and its attorney of record did not receive notice of the final judgment within 20 days of May 25, 2021 when the final judgment was signed. *See* Tex. R. Civ. P. 306a(4).[4] Accordingly, there was no evidence in the record that Gilchrist received notice of the final judgment "through their counsel."

Based on the undisputed testimony received at the hearing, the only finding the trial court could have made was that Gilchrist did not receive actual notice of the final judgment until August 2, 2021 and that its postjudgment timelines should have been extended such that the instant appeal is timely. Tex. R. Civ. P.

---

record for Gilchrist.

[4] If the party adversely affected by the judgment does not receive notice from the court within 20 days after the final judgment is signed and does not acquire actual knowledge, then "with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed." Tex. R. Civ. P. 306a(4).

306a(4), (5).[5] Therefore, we reverse the finding of fact signed by the trial court on August 30, 2023 and render an order finding that Gilchrist first received actual notice of the final judgment on August 2, 2021 and that postjudgment deadlines are calculated to begin on August 2, 2021. *See* Tex. R. Civ. P. 306a(1), (4).

### D. Remedy

If an appellate court agrees that the Rule 306a motion was properly denied, the entire appeal is dismissed for want of jurisdiction for late filing of the appeal. *See, e,g., Manfredi ex rel. Estate of Manfredi v. Lubbock Hometel Dev. Venture*, No. 07-99-0371-CV, 1999 WL 1277556, *2 (Tex. App.—Amarillo Nov. 12, 1999, no pet.) (per curiam, not designated for publication). If the appellate court finds that the evidence of notice was undisputed, then the appellate court concludes that the appeal was timely filed and proceeds to the merits. *See, e.g., Continental Cas. Co. v. Davilla*, 139 S.W.3d 374, 380 (Fort Worth 2004, pet. denied).

Having concluded that Gilchrist's appeal was timely filed, we sustain issue one, and proceed to consider the merits of its appeal.

### III. ISSUES ON APPEAL

### A. Denial of Gilchrist's motion for new trial

In issue two, Gilchrist argues "[t]he doctrine in *Hamm v. Millenium Income Fund, L.L.C.* should not have acted as a bar to reconsideration by the trial court." *See generally Hamm v. Millennium Income Fund, L.L.C.*, 178 S.W.3d 256 (Tex.

---

[5] To establish the applicability of Rule 306a(4)'s tolling provision, "the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." Tex. R. Civ. P. 306a(5). A properly filed and granted motion under Rule 306a(5) "restarts the postjudgment timetable." *Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C.*, 126 S.W.3d 536, 541 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (emphasis omitted).

App.—Houston [1st Dist.] 2005, pet. denied). Here, Gilchrist argues that one possible explanation for the trial court's denial of its motion for new trial is reliance on the holding in *Hamm*.

Denial of a motion for new trial is reviewed for abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). However, Gilchrist does not argue the trial court reversibly erred by abusing its discretion. Gilchrist also does not attempt to defeat any other valid basis on which the trial court could have denied its motion for the new trial. Instead, Gilchrist asks this court to disapprove of *Hamm* without any indication in the record that the trial court relied on *Hamm* in denying Gilchrist's motion. Gilchrist admits in its appellate brief that the trial court denied its motion for new trial without explaining its rationale.

Because Gilchrist does not raise any reversible error on the part of the trial court, we overrule issue two.

## B. Confirmation of arbitration award

### 1. Quantum-meruit award

In issue three, Gilchrist argues the "trial court erred in ratifying an award calculated under quantum meruit analysis when the legal services contract only authorized a contingent fee." The purported error in issue three is that the arbitrator exceeded her powers in awarding quantum-meruit attorney's fees to appellees because her power to arbitrate was authorized by a contingent-fee contract. Because the award of attorney's fees was not based on the contract, Gilchrist maintains that the arbitrator did not have the power to award quantum-meruit attorney's fees.

#### a. Standard of review

We review a trial court's order confirming an arbitration award under a de

8

novo standard. *Southwinds Express Constr., LLC v. D.H. Griffin of Tex., Inc.*, 513 S.W.3d 66, 70 (Tex. App.—Houston [14th Dist.] 2016, no pet.). However, the scope of our review is "extraordinarily narrow." *Id*. We indulge every reasonable presumption in favor of upholding the arbitration award. *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002) (quoting *City of San Antonio v. McKenzie Constr. Co.*, 150 S.W.2d 989, 996 (Tex. 1941)).

Texas law strongly favors arbitration of disputes. *Prudential Secs., Inc. v. Marshall*, 909 S.W.2d 896, 898 (Tex. 1995). The arbitrator's powers are derived from the parties' agreement to submit to arbitration. *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 90 (Tex. 2011). Therefore, we look to the agreement to determine whether the arbitrator had authority to decide the issue. *See id.*; *D.R. Horton-Tex., Ltd. v. Bernhard*, 423 S.W.3d 532, 534 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). An arbitrator exceeds her authority when she disregards the contract and dispenses her own idea of justice. *Bernhard*, 423 S.W.3d at 534. The authority of an arbitrator is limited to a decision of the matters submitted in the arbitration agreement either expressly or by necessary implication. *Gulf Oil Corp. v. Guidry*, 327 S.W.2d 406, 408 (Tex. 1959). An arbitrator does not exceed her authority when the matter she addresses is one that the parties agreed to arbitrate. *Centex/Vestal v. Friendship S. Baptist Church*, 314 S.W.3d 677, 686 (Tex. App.—Dallas 2010, pet. denied).

If an arbitrator exceeded her powers, the reviewing court shall vacate the award.[6] Tex. Civ. Prac. & Rem. Code Ann. § 171.088(a)(3)(A); *Bernhard*, 423

---

[6] The contract does not reference either the Federal Arbitration Act (FAA) or the Texas arbitration act (TAA). Accordingly, both the FAA and TAA apply. *Natgasoline LLC v. Refractory Constr. Servs., Co. LLC*, 566 S.W.3d 871, 878 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ("If an arbitration agreement does not specify whether the FAA or the TAA applies, but states that it is governed by the laws of Texas, both the FAA and the TAA apply unless the agreement specifically excludes federal law.") (internal citation omitted); *see*

S.W.3d at 534.

### b.    Applicable law

To recover under a quantum-meruit theory, a claimant must prove that (1) valuable services were rendered or materials furnished, (2) for the person sought to be charged, (3) those services and materials were accepted by the person sought to be charged, and were used and enjoyed by him, and (4) the person sought to be charged was reasonably notified that the plaintiff performing such services or furnishing such materials was expecting to be paid by the person sought to be charged. *Vortt Expl. Co., Inc. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex. 1990).

A party generally cannot recover under a quantum-meruit theory when there is a valid contract covering the services or materials furnished. *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 737 (Tex. 2018). However, the existence of an express contract does not preclude recovery in quantum meruit for the reasonable value of work performed and accepted which is not covered by an express contract. *Id*.

### c.    Scope of the contract

We consider the power granted by the contract to the arbitrator. The contract provides that Gilchrist employed "Hill & Hill, P.C. Law Firm, J. MARCUS 'MARC' HILL" to represent and prosecute any claims Gilchrist may have "in a certain condemnation (eminent domain) or damage case" concerning Rollover

---

*generally* FAA, 9 U.S.C. §§ 1–16; TAA, Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001–.098. Here, the contract included no choice of law provision. We apply Texas law, as the parties and the trial court did below, because "an issue in contract [is] determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties." *Sonat Expl. Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 233 (Tex. 2008) (citing *Restatement (Second) of Conflict of Laws* § 188(1) (Am. L. Inst. 1971)).

Pass.[7] The contract provides for compensation to appellees in the form of a contingency-fee schedule payable from funds received by Gilchrist from the County. Regarding disputes, the contract states: "Should there be a disagreement regarding this engagement the parties agree to binding ARBITRATION before former Justice of the Court of Appeals Alice Oliver Parrott."

The contract gives the arbitrator power to resolve any "disagreement regarding the engagement." The language of the contract does not limit the arbitrator's power to only breach-of-contract disputes. Here, appellees represented Gilchrist in the condemnation action against the County. After Gilchrist refused to accept the settlement and the corresponding monies associated with the settlement, appellees withdrew from their representation of Gilchrist. After realizing that Gilchrist did not intend to seek compensation in the condemnation action, appellees argued for quantum-meruit attorney's fees for the work they performed. The dispute between the parties clearly arose from the engagement of appellees by Gilchrist in the condemnation dispute with the County.

An arbitrator does not exceed her authority simply because she may have misinterpreted the contract or misapplied the law. *Bernhard*, 423 S.W.3d at 534. "Thus, the appropriate inquiry is not whether the arbitrator decided an issue correctly, but instead whether she had the authority to decide the issue at all." *Id.* (citation omitted). Having concluded that the arbitrator had the power to award to attorney's fees to appellees, we conclude that the arbitrator did not exceed her powers. Therefore, we express no opinion on how the arbitrator applied the law or decided the issue.

We overrule issue three.

---

[7] The contract, signed by Gilchrist, gives Hill the right to employ and associate Bradley and share the contingent fee.

11

### 2.    Calculation of reasonable attorney's fees

In issue four, Gilchrist argues the trial court erred in confirming the arbitration award because the attorney's fees award did not comply with lodestar principles.[8] However, although our review is de novo, as mentioned above our scope of review is narrow. If the matter of attorney's fees was properly submitted to the arbitrator, then we express no opinion on whether the arbitrator correctly applied or followed the lodestar principles. *See Bernhard*, 423 S.W.3d at 535 ("But the issue of attorney's fees was clearly submitted to the arbitrator, and the arbitrator consulted the contractual provisions and statutes regarding attorney's fees when reaching his conclusion. Under these circumstances, we cannot conclude that the arbitrator exceeded his authority by awarding attorney's fees.").

As stated in the arbitration award, the arbitrator considered the "undisputed expert testimony of counsel" regarding the reasonable value of appellees' work. The matter of attorney's fees owed to appellees was properly before the arbitrator and the arbitrator considered the issue. Therefore, we hold the trial court did not err in upholding the award of attorney's fees.

We overrule issue four.

### 3.    Source of funds for award

In issue five, Gilchrist argues the trial court erred in confirming an arbitration award which relied on an assumption that funds could be taken from the escrow account of a different lawyer. Gilchrist's argument on this issue lacks foundation. Although the arbitration award references that settlement funds were set aside in trust for Gilchrist, the award explains that Gilchrist did not agree to the

---

[8] Attorneys seeking recovery for legal services under a quantum-meruit theory must show that the attorney's fee award is "reasonable" under the *Arthur Andersen* factors. *Hill*, 544 S.W.3d at 743; *see Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997).

settlement and refused to settle.

Nowhere does the arbitration award state that the attorney's fees would be paid from the condemnation-settlement proceeds or another lawyer's trust account. The award makes clear that if appellees proceed with the quantum-meruit award, then they forego recovery of any claim to contractual attorney's fees. The arbitration award provides that Gilchrist is responsible for payment of the attorney's fees without reference to any settlement proceeds or any other lawyer's escrow account.

We overrule issue five.

### 4.    Prejudgment interest

Citing Texas Civil Practice and Remedies Code section 171.091, Gilchrist argues in issue six that the trial court erred in failing to modify the arbitrator's award because there was "an evident miscalculation of numbers." Tex. Civ. Prac. & Rem. Code Ann. § 171.091(a)(1)(A). Specifically, Gilchrist challenges the award of prejudgment interest because the award does not explain when the interest began accruing or what event triggered the accrual of interest.[9]

Prejudgment interest is compensation for the lost use of money owed as "damages during the lapse of time between the accrual of the claim and the date of judgment." *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 528 (Tex. 1998). There are two primary goals in awarding prejudgment interest: (1) compensating plaintiffs for the lost use of money and (2) encouraging both settlements and speedy trial. *Texas Black Iron, Inc. v. Arawak Energy*, 566

---

[9] To the extent that Gilchrist argues that the prejudgment interest needs to be adjusted because the quantum-meruit attorney's fees should be reduced as not reasonable under *Arthur Andersen* (as argued in issue four), we have already overruled issue four which moots this argument.

13

S.W.3d 801, 825 (Tex. App.—Houston [14th Dist.] 2018 (pet. denied). "There are two legal sources for an award of prejudgment interest: (1) general principles of equity and (2) an enabling statute." *Kenneco Energy*, 962 S.W.2d at 528.

Gilchrist does not argue that the arbitrator exceeded her powers in awarding the prejudgment interest. Rather, Gilchrist notes that the arbitrator did not expressly state when the claim for quantum-meruit damages accrued. Attempting to recreate the arbitrator's calculation, Gilchrist asserts the calculation implies a duration of approximately five years of interest (coinciding with the time of mediation), which Gilchrist maintains is error.

Even if the calculation of prejudgment interest were in error, this is not an error the trial court, or this court, can correct. *See Bernhard*, 423 S.W.3d at 534. We cannot substitute our judgment for that of the arbitrator on an issue properly before the arbitrator, and we express no opinion on this matter.

We overrule issue six.

### 5.     Postjudgment interest

In issue seven, Gilchrist claims that the trial court erred by improperly awarding postjudgment interest because the arbitrator did not award postjudgment interest.

A trial court has limited powers to modify an arbitrator's award. *ETC Intrastate Procurement Co., LLC v. JSW Steel (USA), Inc.*, 620 S.W.3d 168, 179 (Tex. App.—Houston [14th Dist.] 2021, no pet.). The Federal Arbitration Act does not expressly authorize an award of postjudgment interest when the arbitrator has not made such an award; neither does the Texas act. *Id*. This court has previously considered the issue and held that a trial court lacks authority to modify an arbitration award by adding postjudgment interest, in harmony with several of our

14

sister courts. *Id*. at 179–80; *see also, e.g.*, *Thomas Petroleum, Inc. v. Morris*, 355 S.W.3d 94, 99 (Tex. App.—Houston [1st Dist.] 2011, pet. denied).

Because there was no basis for the trial court to award postjudgment interest, we sustain issue seven.

## IV.   CONCLUSION

We conclude Gilchrist's appeal was timely and consider the merits of its appeal. On the merits, we reverse the judgment of the trial court in part and render judgment striking the trial court's award of postjudgment interest. We affirm the remainder of the trial court's judgment as challenged on appeal.


/s/    Charles A. Spain
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.