

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00010-CV
_____

MAMMOTH ENERGY SERVICES, INC., HIGHER POWER ELECTRICAL, LLC,
AND 5 STAR ELECTRIC, LLC, Appellants

V.

TERRENCE SUMMERS, ET AL., Appellees

On Appeal from the County Court at Law No. 2
Gregg County, Texas
Trial Court No. 2023-429-CCL2

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

In response to emergency requests by the government of Puerto Rico, Mammoth Energy Services, Inc., Higher Power Electrical, LLC, and 5 Star Electric, LLC (collectively Energy Companies), were tasked with restoring power to the United States territory on an expedited basis after hurricanes Irma and Maria destroyed Puerto Rico's electrical grid. Arguing that the Energy Companies failed to pay overtime, Terrence Summers and twenty-five other utility workers (collectively Workers) sued the Energy Companies under the Fair Labor Standards Act (FLSA).[1] *See* 29 U.S.C.A. §§ 201–19. After arbitration pursuant to the Federal Arbitration Act (FAA) resulted in awards favorable to the Workers, the Workers moved to confirm the awards in the County Court at Law No. 2 of Gregg County, Texas. Despite the Energy Companies' request to vacate or correct the arbitration awards, the trial court confirmed the awards in favor of the Workers.

On appeal, the Energy Companies argue that the trial court erred by confirming the arbitration awards under the FAA because it failed to also apply the Texas Arbitration Act (TAA) to the dispute. Because we agree with the trial court's determination that the FAA, not the TAA, governed the case, we affirm the trial court's judgment confirming the arbitrator's awards.

---

[1]The other utility workers include Billy Cambron, Billy Franks, Luis Garcia, Daniel Lozoya, Salvador Miranda, Abel Miranda, Baltazar Oyervides, Joel Salazar, Saul Sanchez, Enrique Sanchez, Jr., Michael Springmeyer, Jorge Torres, Efrain Villastrigo, Kardeius McClendon, Michael Drabant, Damian Gray, Warren Houston, Brandon McNatt, William Nix, Steve Olivares, Kendall Smith, James Thompson, Michael Wallace, Casey Waymire, and Jordan Rodriguez.

## I.    The FAA Versus the TAA

To provide context to the parties' dispute, we discuss the differences between the FAA and the TAA when it comes to the scope of review of an arbitrator's decision. "Congress enacted the FAA to replace judicial indisposition to arbitration with a 'national policy favoring [it] and plac[ing] arbitration agreements on equal footing with all other contracts.'" *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008) (alterations in original) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). The FAA, "which rests on Congress' authority under the Commerce Clause, supplies not simply a procedural framework applicable in federal courts; it also calls for the application, in state as well as federal courts, of federal substantive law regarding arbitration." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008). The FAA "provides for expedited judicial review to confirm, vacate, or modify arbitration awards." *Hall St. Assocs.*, 552 U.S. at 578.

Under the FAA, a trial court "must grant" an application for an order confirming an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C.A. § 9. Under section 10 of the FAA, an arbitration award may be vacated only under the following circumstances:

> (1)    where the award was procured by corruption, fraud, or undue means;
>
> (2)    where there was evident partiality or corruption in the arbitrator[] . . . ;
>
> (3)    where the arbitrator[] [was] guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

3

(4)     where the arbitrator[] exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C.A. § 10. Under Section 11, an arbitration award may be modified or corrected only when there is "an evident material miscalculation of figures or an evident material mistake," "[w]here the arbitrators have awarded upon a matter not submitted to them," or "[w]here the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C.A. § 11.

The TAA has provisions similar to those of the FAA when discussing the standards for vacating, modifying, or correcting an arbitrator's award. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 171.088, 171.091. Additionally, under the TAA, "parties can, by 'clear agreement', [sic] contract for expanded judicial review." *Forest Oil Corp. v. El Rucio Land & Cattle Co.*, 518 S.W.3d 422, 432 (Tex. 2017). That is not the case under the FAA because 9 U.S.C.A. §§ 9–11 substantiate "a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway." *Hall Street Assocs.*, 552 U.S. at 588. "Any other reading opens the door to the full-bore legal and evidentiary appeals that can 'rende[r] informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process.'" *Id.* (alteration in original) (quoting *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003)).

At issue here is whether the TAA applies and, if so, whether the parties contracted for expanded judicial review.

4

## II.     Factual Background

As a condition of their employment, the Workers were required to sign an employee handbook, which discussed the arbitration provisions relevant to this dispute and provided that its provisions, listed in "Section IV (Dispute Resolution) and the Acknowledgement of Employee Handbook Receipt and Agreement [were] intended to be contractual in nature and legally binding between the employee and the Company."  In Section IV of the employee handbook, the Workers "agree[d] to arbitrate any and all disputes arising between the Company and employee arising out of or related in any way to employee's employment or termination of employment with the Company."  The portion of Section IV containing the arbitration agreement specifically stated,

> Arbitration required by this policy shall be governed by the Federal Arbitration Act and conducted pursuant to the American Arbitration Association's Rules of Resolution of Employment Disputes . . . . <u>The Company and employee intend that all disputes shall be resolved by an arbitrator selected by the Company and the employee to arbitrate their individual disputes</u> . . . .

The agreement further said that "[a]ny appeal of or motion to vacate all or part of the arbitrator's award shall apply the same legal standard that would be used if the party moving to vacate or appeal the award were appealing a trial court judgment rendered following a bench trial sitting without a jury."  While "Section IV and its Acknowledgement of Employee Handbook Receipt and Agreement" were to "be construed under the laws of the state of Texas and the United States Code," the Workers signed the following acknowledgement:  "I AGREE THAT ANY AND ALL DISPUTES ARISING OUT OF OR RELATED TO THE EMPLOYMENT RELATIONSHIP BETWEEN THE PARTIES . . . WILL BE RESOLVED BY MANDATORY,

5

BINDING ARBITRATION PURSUANT TO THE FEDERAL ABRITRATION ACT AND USING THE AMERICAN ARBITRATION ASSOCIATION RULES."[2]

The Energy Companies and the Workers chose Dennis A. Clifford as an appropriate arbitrator, and evidentiary hearings before Clifford took place in March, May, and November 2022. After reviewing all the evidence, including the Workers' paystubs and testimony of relevant parties, on March 8, 2023, Clifford issued a written order finding (1) that the Energy Companies who employed the Workers violated the FLSA by paying a day rate "without regard to actual hours worked" instead of an hourly rate, (2) that the Energy Companies "did not pay [the Workers] the overtime premium that the FLSA requires," and (3) that the Energy Companies' violation of the FLSA was willful "during workweeks in which [the Workers] were issued Gross-Up Payments." In that award with findings of fact and conclusions of law, Clifford determined that the FAA governed the dispute pursuant to the terms of the employee handbook. Clifford then calculated the amount of back pay and liquidated damages owed to each worker and concluded that the Workers were entitled to attorney fees and costs. After receiving evidence on the issue of attorney fees, on May 19, 2023, Clifford awarded the Workers $439,129.35 in attorney fees and $33,652.65 in costs.

The Workers sought to confirm the arbitration awards in the trial court, and the Energy Company sought to vacate, modify, or correct them. While it is undisputed that the Energy Companies raised no grounds for vacatur, modification, or correction under the FAA, the Energy

---

[2]"In the employment context, the 'relationship between an employer who is regularly engaged in activities related to interstate commerce and its employees is affected by interstate commerce as a matter of law and implicates commerce clause issues.'" *Forged Components, Inc. v. Guzman*, 409 S.W.3d 91, 98 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (quoting *In re Big 8 Food Stores, Ltd.*, 166 S.W.3d 869, 880 (Tex. App.—El Paso 2005, orig. proceeding)).

Companies argued that the TAA also applied to the dispute. As explained above, application of the TAA would expand the scope of review for Clifford's award. Accordingly, the Energy Companies argued that sufficient evidence did not support the attorney-fee award or Clifford's findings (1) that the FLSA violation was willful and (2) that Mammoth Energy Services was an employer.

Even so, in a November 9, 2023, letter ruling, the trial court agreed with Clifford that only the FAA governed the dispute and that there was no expanded judicial review available to the Energy Companies. As a result, on November 28, the trial court entered a final judgment affirming Clifford's awards in their entirety.

## III. The Trial Court Correctly Determined that Only the FAA Applied

"Under the FAA, an agreement to arbitrate is valid if it meets the requirements of the general contract law of the applicable state." *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 606 (Tex. 2005) (per curiam) (orig. proceeding).[3] "[W]hen parties agree to arbitrate all disputes arising under their contract, questions concerning the validity of the entire contract are to be resolved by the arbitrator in the first instance, not by a federal or state court." *Preston*, 552 U.S. at 349. Here, both Clifford and the trial court expressly found that only the FAA governed the dispute.

Urging us to decide otherwise, the Energy Companies argue that Section IV of the employee handbook stated it was to "be construed under the laws of the State of Texas and the United States Code." As a result, despite the language specifying that "Arbitration required by

---

[3]No party disputes the existence of a valid agreement under Texas law to arbitrate this matter.

7

this policy shall be governed by the [FAA] and conducted pursuant to the American Arbitration Association's Rules of Resolution of Employment Disputes," the Energy Companies contend that the TAA also applies. Because the TAA allows for contractual expansion of the scope of review, and because the agreement stated that an appeal would be treated as one from "a trial court judgment rendered following a bench trial sitting without a jury," the Energy Companies argue that the scope of the parties' agreement permitted a review for sufficiency of the evidence.[4] If the TAA applied, the Energy Companies argument would be well taken. However, as explained below, we find that the TAA does not apply and that the stand-alone provision purporting to expand the scope of review is contrary to the FAA.

The language stating that Section IV was to be construed under Texas law was a choice of law provision, and "a generic choice-of-law clause . . . [does] [not] demonstrate a clear intent to displace the FAA's vacatur standards and replace them with ones borrowed from [state] law." *Xtria L.L.C.*, 286 S.W.3d at 592 n.10 (second and third alterations in original) (quoting *Action*

---

[4]In support of their position, the Energy Companies cite four cases. *See Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 87 (Tex. 2011); *Moomjian v. T.D. Ameritrade, Inc.*, No. 3:15-CV-0952-L, 2016 WL 4368301, at *2 (N.D. Tex. Aug. 16, 2016) (mem. op. and order) ("When an agreement contains a clause that designates Texas law but does not exclude the FAA, the FAA and Texas law, including the TAA, apply concurrently."); *Multi-Housing Tax Credit Partners XXXI v. White Settlement Senior Living, LCC*, No. 05-22-00721-CV, 2024 WL 301916, at *2 (Tex. App.— Dallas Jan. 26, 2024, pet. denied) (mem. op.); *Poole-Ward v. Affiliates for Women's Health, P.A.*, 283 F.Supp.3d 595, 598 (S.D. Tex. 2017) ("When a contract contains a clause specifying Texas law (as here), but does not exclude the applicability of the [FAA], both the Federal and Texas Arbitration Acts apply."). Those cases are easily distinguishable. In both *Nafta Traders* and *Moomjian*, neither the TAA nor the FAA were specifically mentioned by the parties' arbitration agreement. *Nafta Traders*, 339 S.W.3d at 87; *Moomjian*, 2016 WL 4368301, at *2. Since, "[t]raditionally, unless an issue of pre-emption was involved, both Federal and State laws were implicated where an arbitration agreement failed to specify which was to be employed," *Xtria L.L.C. v. Int'l Ins. All. Inc.*, 286 S.W.3d 583, 592 (Tex. App.—Texarkana 2009, pet. denied), *Nafta Traders* and *Moomjian* applied both the FAA and TAA. Similarly, in *Multi-Housing Tax Credit Partners XXXI*, the Dallas Court determined that both the FAA and TAA applied. *Multi-Housing Tax Credit Partners XXXI*, 2024 WL 301916, at *2. In *Poole-Ward*, only the TAA was mentioned by the arbitration agreement, but the FAA also applied because the agreement involved interstate commerce. *Poole-Ward*, 283 F.Supp.3d at 597–98. As a result, none of the Energy Companies' cited cases stand for the proposition that a generic choice-of-law clause loops in the TAA where only the FAA is expressly mentioned by the arbitration clause.

*Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 342 (5th Cir. 2004)); *see Preston*, 552 U.S. at 361–62; *In re AdvancePCS Health L.P.*, 172 S.W.3d at 606 n.3 ("Because the arbitration clause specifically provided for application of the FAA, this specific provision controls over the more general choice-of-law clause to the extent of any conflict."). This is because a "parties' intent to replace the FAA's vacatur standard" cannot be "gleaned from [an] [a]greement's general choice-of-law-provision." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 341 (5th Cir. 2004); *see Cooper v. WestEnd Cap. Mgmt., L.L.C.*, 832 F.3d 534, 544 (5th Cir. 2016). For example, the United States Supreme Court has written that language stating an "agreement shall be governed by the law of the state of California" is a "choice-of-law clause" that did not affect application of the FAA's procedural law where the arbitration clause of the agreement stated that "'any dispute . . . relating to . . . the breach, validity, or legality' of the contract should be arbitrated in accordance with the American Arbitration Association (AAA) rules." *Preston*, 552 U.S. at 361. Likewise, we agree with the trial court's finding that "the general reference to Texas law for purposes of construction does ***not*** invoke the TAA."

In fact, "[w]hen parties have designated the FAA to govern their arbitration agreement, their designation should be upheld." *In re Brock Specialty Servs., Ltd.*, 286 S.W.3d 649, 653 (Tex. App.—Corpus Christi–Edinburg 2009, no pet.) (orig. proceeding) (citing *In re AdvancePCS Health L.P.*, 172 S.W.3d at 606 n.3). Here, the arbitration clause contained in the employee handbook stated it was "governed by the Federal Arbitration Act and [that arbitration would be] conducted pursuant to the American Arbitration Association's Rules." Accordingly, each Worker affirmed their agreement to "MANDATORY, BINDING ARBITRATION

9

PUSUANT TO THE FEDERAL ABRITRATION ACT AND USING THE AMERICAN ARBITRATION ASSOCIATION RULES." Where an arbitration agreement expressly states that the FAA governs, appellate courts will uphold that designation. *Tex. Reit, LLC v. Mokaram-Latif W. Loop, Ltd.*, No. 14-22-00014-CV, 2022 WL 17421518, at *4 (Tex. App.—Houston [14th Dist.] Dec. 6, 2022, pet. denied) (mem. op) (citing *Nafta Traders*, 339 S.W.3d at 97 n.64 ("As the court of appeals noted, the parties have not disputed the applicability of the TAA to their agreement. The TAA and the FAA may both be applicable to an agreement, absent the parties' choice of one or the other.")); *In re SSP Partners*, No. 13-07-031-CV, 2007 WL 2318131, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 14, 2007, orig. proceeding) (mem. op.).[5]

> In its letter ruling, the trial court found the following:
>
> The Arbitration Agreement is clear that the FAA would control any arbitration proceedings between the parties. The Court finds that the general reference to Texas law for purposes of construction does ***not*** invoke the TAA. As a result, only those grounds set out in 9 U.S.C. §§ 10 and 11 for vacating or modifying the Arbitration Award shall apply.
>
> **Arbitration Award Affirmed**
> The Court finds that there does not exist any grounds set out in 9 U.S.C. §§ 10 or 11 for vacating or otherwise modifying the Arbitration Award. As a result, the Arbitration Award is affirmed in its entirety.[6]

---

[5]Our appellate record contains documents from similar litigation filed in Puerto Rico where the Energy Companies sought to compel arbitration under the FAA by asserting that the language of the employee handbook "state[d] that the Federal Arbitration Act applies, and does not mention the TAA."

[6]To the extent that the Energy Companies argue that the Workers waived their right to assert that the FAA governs because they invoked the TAA by filing their suit to confirm the arbitrator's award in the trial court, we overrule the complaint because "a party's after-the-fact conduct" does not alter "[t]he objective intent of the parties as expressed in the [arbitration] agreement." *Tex. Reit, LLC*, 2022 WL 17421518, at *5 (citing *In re Dillard Dep't Stores, Inc.*, 186 S.W.3d 514, 515 (Tex. 2006) (per curiam) (orig. proceeding)). We also find that the cases cited by the Energy Companies in support of their waiver argument do not apply to this case. *See Ellis v. Schlimmer*, 337 S.W.3d 860, 861 (Tex. 2011) (per curiam) (reversing an appellate court decision declining to address the merits of a waiver

We agree with the trial court's conclusion that only the FAA, not the TAA, applied to this dispute.[7]  Under the FAA, the grounds for vacating, modifying, or correcting an arbitration award found in Sections 10 and 11 are "exclusive."  *Hall St. Assocs.*, 552 U.S. at 586.  Because the Energy Companies raised no grounds under Sections 10 or 11, we overrule this first point of error, which is dispositive of this appeal.

## IV.    Conclusion

We affirm the trial court's judgment.


Scott E. Stevens
Chief Justice


Date Submitted:      December 11, 2024
Date Decided:        January 16, 2025

---

argument); *Ellis v. Schlimmer*, No. 13-09-00426-CV, 2011 WL 3821969, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 24, 2011, no pet.) (mem. op.) (on remand) (finding lack of waiver of an arbitration agreement even when counsel discovered an arbitration clause five months before a trial setting); *Vorwerk ex rel. Vorwerk v. Williamson Cnty. Grain, Inc.*, No. 03-10-00549-CV, 2012 WL 593481, at *1 (Tex. App.—Austin Feb. 23, 2012, pet. denied) (mem. op.) (not deciding any issue involving waiver); *Thomas Petroleum, Inc. v. Morris*, 355 S.W.3d 94, 98 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (finding that appellants waived their argument that the FAA did not apply because they filed a verified plea in abatement to compel arbitration under the FAA and, in doing so, specially invoked the FAA).

[7]During oral argument, the Energy Companies mentioned *Petroleum Analyzer Co. LP v. Franek Olstowski*, No. 01-09-00076-CV, 2010 WL 2789016, at *1 (Tex. App.—Houston [1st Dist.] July 15, 2010, no pet.) (mem. op.).  In that case, the Houston First Court of Appeals applied the FAA, "while recognizing that the TAA also applies to the extent it is consistent with the FAA."  *Id.* at *6.  Even so, because there were no grounds for vacatur asserted under the FAA, our sister court determined that the trial court did not err in confirming the arbitration award.  *Id.* at *12.